SHERMAN v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 63597. Submitted February 1, 1983, at Lansing.—Decided April 6, 1983.

Donald L. Sherman was injured when the steel loading dock plate that he was putting into place in preparation for unloading a trailer snapped and pinned his leg against a copper roll which was on the trailer. At the time of the accident, Sherman had one foot on the loading dock and one foot on the trailer. Sherman sought personal protection benefits from Michigan Mutual Insurance Company, insurer of the trailer under an automobile no-fault insurance policy. Michigan Mutual refused to pay such benefits. Sherman brought an action against Michigan Mutual in Ingham Circuit Court, seeking such benefits. Michigan Mutual moved for summary judgment on the bases that plaintiff was not occupying the vehicle at the time of the accident and that, in any event, plaintiff failed to plead a sufficient causal relationship between the injury and the ownership, maintenance or use of the vehicle. Robert Holmes Bell, J., granted defendant's motion, holding that, while plaintiff was occupying the vehicle, plaintiff failed to demonstrate a sufficient causal connection between the vehicle and the injury. Plaintiff appeals. *Held:*

1. The fact that plaintiff had one foot on the trailer at the time of the accident satisfies the statutory requirement that the injured person be occupying a parked vehicle at the time of the injury.

2. Since the placement of a loading dock plate is a normal part of the unloading of a trailer, and unloading is a normal part of the activities surrounding the use of a trailer, plaintiff established the necessary causal relationship between the use of the vehicle and his injury.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 7 Am Jur 2d, Automobile Insurance §§ 205 *et seq.,* 351.

Risks within "loading and unloading" clause of motor vehicle liability insurance. 6 ALR4th 686.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

[4] 5 Am Jur 2d, Appeal and Error § 592.

1. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES — PARKED
   VEHICLES.

   An injury sustained when a loading dock plate snaps while
   preparing to unload a parked trailer is an injury sustained
   while occupying a vehicle within the meaning of that phrase as
   used in the automobile no-fault insurance act where, at the
   time of the accident, the injured person has one foot on the
   loading dock and one foot on the trailer (MCL 500.3106[c]; MSA
   24.13106[c]).

2. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES — PARKED
   VEHICLES.

   Recovery of personal protection benefits under the automobile no-
   fault insurance act for injuries sustained in the course of
   unloading a parked vehicle requires not only that one satisfy
   the statutory requirements that the injury arise out of the
   ownership, operation, maintenance or use of the parked vehicle
   but also that one demonstrate a sufficient causal connection
   between ownership, maintenance, or use of the vehicle and the
   injury (MCL 500.3105, 500.3106; MSA 24.13105, 24.13106).

3. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES — PARKED
   VEHICLES.

   There is a sufficient causal connection between the use of a
   vehicle and an injury to permit recovery of personal protection
   benefits under the automobile no-fault insurance act where the
   injury is sustained while positioning a loading dock plate so
   that a parked trailer can be unloaded, since unloading is a
   normal activity surrounding the use of the trailer and the
   positioning of the loading dock plate is a normal part of the
   unloading process (MCL 500.3105; MSA 24.13105).

4. APPEAL — PRESERVING QUESTIONS.

   The failure to raise the question of the sufficiency of pleadings in
   a complaint in the trial court precludes raising that question in
   the Court of Appeals.

*Ripple, Chambers & Steiner, P.C.* (by *Michael C. Bingen*), for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *Michael J. Schmedlen*), for defendant.

Before: T. M. BURNS, P.J., and ALLEN and CY-
NAR, JJ.

PER CURIAM. On March 22, 1982, the trial court
entered summary judgment for defendant. Plain-
tiff appeals as of right.

On October 11, 1979, plaintiff injured his ankle
while working for the Alvin Motor Freight Com-
pany. That day, he was unloading a trailer that
had already been backed into a loading dock bay.
While plaintiff and a co-employee were standing at
opposite ends of the dock plate, they began to lift
their respective ends with a steel hook. Unfortu-
nately, a defective dock plate "snapped out" and
hit plaintiff's leg, pinching it against a heavy roll
of copper on the trailer.

Plaintiff now argues that his injury is covered by
the no-fault insurance act, MCL 500.3101 *et seq.;*
MSA 24.13101 *et seq.,* as it existed at the time.[1]
Because the truck was parked at the time, we will
first apply MCL 500.3106; MSA 24.13106, which
then stated:

"*Accidental bodily injury does not arise out of the
ownership, operation, maintenance or use of a parked
vehicle as a motor vehicle unless any of the following
occur:*

\* \* \*

"(b) The injury was a direct result of physical contact
with the equipment permanently mounted on the vehi-
cle, while the equipment was being operated or used or
property being lifted onto or lowered from the vehicle
in the loading or unloading process.

"(c) The injury was sustained by a person while
occupying, entering into or alighting from the vehicle."

---

[1] If the accident had occurred after December 31, 1981, MCL
500.3106(2); MSA 24.13106(2), added by 1981 PA 209, would most
likely have barred recovery under these circumstances.

We agree with the trial court that this section does not preclude plaintiff from recovering. Defendant relies on *Dowdy v Motorland Ins Co,* 97 Mich App 242; 293 NW2d 782 (1980).[2] There, the plaintiff and two other truck drivers had just driven flatbed trucks from Louisville to Norristown, Indiana. The plaintiff unloaded last. As he was unloading the cargo and unfastening the tie chains used to secure the steel bundles, a stack which had previously been unloaded fell on him. This Court denied recovery under § 3106(b) because "the plaintiff was not injured due to contact with any equipment permanently affixed to the vehicle". 97 Mich App 247. In the present case, however, plaintiff had one foot on the loading dock and one foot on the trailer. As such, he was occupying the vehicle as required by MCL 500.3106(c); MSA 24.13106(c). *Hathcox v Liberty Mutual Ins Co,* 90 Mich App 511; 282 NW2d 374 (1979).

However, for plaintiff to recover, MCL 500.3105; MSA 24.13105 must also be met. *Miller v Auto-Owners Ins Co,* 411 Mich 633; 309 NW2d 544 (1981). In ruling that plaintiff had failed to demonstrate a sufficient causal connection between the motor vehicle and the injury, the trial court relied on *Dowdy, supra,* and *Gajewski v Auto-Owners Ins Co,* 112 Mich App 59; 314 NW2d 799 (1981).

*Dowdy* is distinguishable. There, as noted above, the plaintiff was injured when a stack which had previously been unloaded fell on him. In the present case, on the other hand, the injury occurred when a loading dock plate broke. It is foreseeable that a person could be injured in the positioning of

[2] Both parties have also relied on some unpublished opinions. Unpublished opinions have no precedential value. *Babayan v Detroit Automobile Inter-Ins Exchange,* 121 Mich App 515; 328 NW2d 429 (1982); *Borgess Hospital v Berrien County,* 114 Mich App 385, 386, fn 1; 319 NW2d 354 (1982).

the dock plate while normally using the vehicle. Unloading or loading is not possible without using this dock plate. The injury in *Dowdy* was caused through a supervening event—the stacks falling on him. Here, plaintiff was injured in the loading and unloading process itself. See *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307; 282 NW2d 301; 15 ALR4th 1 (1979), *lv den* 407 Mich 895 (1979). The injury was a direct result of this activity.

Relying on Judge CYNAR's dissent, the Supreme Court reversed *Gajewski.* 414 Mich 968 (1982). There, the plaintiff was injured when he turned on his car. Unfortunately, someone had attached an explosive device to his ignition. Judge CYNAR wrote:

"The vehicle was more than merely the site of the injury. Under the facts in this case, turning the ignition key must be identified with a normal manner of starting a vehicle. There was a direct causal relationship between the use of the motor vehicle and plaintiff's injuries." 112 Mich App 63.

We believe that plaintiff has shown a sufficient causal connection. The truck was not merely the site of the injury. Unloading it is a normal part of the activities surrounding its use.

Defendant also argues that plaintiff's pleadings are insufficient. However, because defendant did not raise this claim below, it is not properly before this Court. *Smith v Michigan,* 122 Mich App 340; 333 NW2d 50 (1983).

The summary judgment entered for defendant is reversed and a partial summary judgment for plaintiff is entered. This case is remanded to the trial court to determine damages.

Reversed and remanded.