BAUMAN v AUTO-OWNERS INSURANCE COMPANY

Docket No. 72089. Submitted November 9, 1983, at Grand Rapids.—
Decided March 21, 1984.

Plaintiff, Timothy Bauman, allegedly injured his back in the course of his employment as a semitrailer truck driver while moving boxes inside his truck's trailer to the door of the trailer to aid in the unloading of the trailer. The injury is alleged to have been incurred prior to January 1, 1982. When plaintiff's employer's no-fault insurance carrier, defendant, Auto-Owners Insurance Company, denied him no-fault benefits, the plaintiff brought an action in the Kent Circuit Court seeking such benefits. The trial court, Stuart Hoffius, J., granted the defendant's motion for summary judgment after determining that, as a matter of law, plaintiff was not entitled to recover no-fault benefits. Plaintiff appeals from the judgment and order to that effect. *Held:*

1. Plaintiff's alleged injury was covered by the no-fault insurance act as it existed at the time of the injury.

2. Plaintiff's alleged injury was causally related to the use of his motor vehicle. The unloading of the truck could not occur without actually moving the goods to be unloaded, and it is foreseeable that, while moving the goods, plaintiff could be injured.

3. Inherent in the use of the truck and semitrailer plaintiff was operating was the loading and unloading of merchandise. Plaintiff's alleged injury was causally related to the use of a motor vehicle.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 7 Am Jur 2d, Automobile Insurance §§ 194 *et seq.,* 354.
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.
Automobile liability insurance: what are accidents or injuries "arising out of ownership, maintenance or use" of insured vehicle. 89 ALR2d 150.
[2, 3] 7 Am Jur 2d, Automobile Insurance § 205 *et seq.*
Risks within "loading and unloading" clause of motor vehicle liability insurance policy. 6 ALR4th 686.

1. INSURANCE — NO-FAULT INSURANCE — PARKED VEHICLES.

A two-tier analysis is used to determine whether accidental bodily injury arises out of the ownership, operation, maintenance, or use of a parked motor vehicle under the no-fault insurance act: first, does the injury fit within one of the exceptions delineated in the act, and, second, is there a causal connection between the injury incurred and the ownership, operation, maintenance, or use of the motor vehicle (MCL 500.3106; MSA 24.13106).

2. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES — PARKED VEHICLES.

There is a sufficient causal connection between the use of a vehicle and an injury to permit recovery of personal protection benefits under the automobile no-fault insurance act where the injury is sustained while moving boxes within a parked truck's trailer to aid in the unloading of the trailer; where the unloading of the trailer could not occur without actually moving the goods to be unloaded, it was foreseeable that an injury could occur while the goods were being moved (MCL 500.3106[c]; MSA 24.13106[c]).

3. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES — PARKED VEHICLES — USE OF A MOTOR VEHICLE.

The use of a motor vehicle as a motor vehicle must include the loading and unloading of the vehicle; inherent in the use of a commercial truck and semitrailer is the loading and unloading of the merchandise carried therein; the term "use" extends to any activity utilizing the insured vehicle in the manner intended or contemplated by the insured; an injury which is sustained while moving boxes within a parked commercial truck's semitrailer to aid in the unloading of the trailer may be found to be causally related to the use of a motor vehicle for purpose of the automobile no-fault insurance act's provision regarding accidental bodily injury arising from a parked vehicle (MCL 500.3106[c]; MSA 24.13106[c]).

*Pinsky, Smith & Soet* (by *Edward M. Smith* and *Mary A. Dinkel*), for plaintiff.

*Linsey, Strain & Worsfold, P.C.* (by *Larry D. Vander Wal*), for defendant.

Before: ALLEN, P.J., and R. M. MAHER and R. H. BELL,* JJ.

R. H. BELL, J. Plaintiff appeals as of right from an order entered in the Kent County Circuit Court which granted defendant's motion for summary judgment determining that, as a matter of law, plaintiff was not entitled to recover no-fault benefits.

During the course of his employment with Spartan Stores, plaintiff was required to drive a truck and to aid in the unloading of the truck's trailer. Plaintiff was injured while he was moving boxes to the door of his trailer where they were to be picked up by another Spartan Stores employee. As he pulled a box off a skid, his back gave out. After the injury, plaintiff ultimately terminated his employment with Spartan Stores. When defendant, Spartan Stores' no-fault insurance carrier, denied him no-fault benefits, plaintiff instituted this action.

The question for our resolution is whether it can be said that plaintiff's injury was covered by the no-fault insurance act, MCL 500.3101, *et seq.;* MSA 24.13101, *et seq.,* as it existed at the time of plaintiff's injury.[1] Plaintiff's claim for recovery is premised upon MCL 500.3106; MSA 24.13106, which provided in pertinent part at the time of plaintiff's injury:

"Accidental bodily injury does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless any of the following occur:

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Had plaintiff's injury been incurred after December 31, 1981, MCL 500.3106(2); MSA 24.13106(2), added by 1981 PA 209, would have precluded his recovery.

*   *   *

"(c) The injury was sustained by a person while occupying, entering into or alighting from the vehicle."

Defendant does not dispute that plaintiff was occupying a motor vehilce at the time of his injury. Defendant contends, however, that the vehicle presented the mere "occasion of the injury" and that there was no causal connection between the injury and plaintiff's ownership, operation or use of the vehicle as a motor vehicle.

In *Teman v Transamerica Ins Co of Michigan,* 123 Mich App 262, 265-266; 333 NW2d 244 (1983), this Court reiterated that, under the two-tier analysis it uses to determine if no-fault benefits may be recovered for injuries sustained in an incident involving a parked motor vehicle, it must be determined that the injury is causally related to the ownership, operation, maintenance or use of a motor vehicle. Contrary to defendant's position, however, we believe that plaintiff's injury was causally related to the use of his motor vehicle.

The facts of the instant case closely parallel those of *Sherman v Michigan Mutual Ins Co,* 124 Mich App 700; 335 NW2d 232 (1983). There, plaintiff's injury occurred during the process of unloading his truck when a loading dock plate broke and hit his leg. At that time, plaintiff had one foot on his trailer, and this Court concluded that this was sufficient to show that he occupied the truck as required by MCL 500.3106(c); MSA 24.13106(c). The *Sherman* Court found a causal connection between plaintiff's injury and his motor vehicle, noting that loading and unloading would be impossible without the dock plate and that it is foreseeable that a person could be injured while positioning a dock plate. Similarly, the unloading of the

truck in this case could not occur without actually moving the goods to be unloaded, and it is foreseeable that, while moving the goods, plaintiff could be injured.

Although defendant does not cite *Sherman,* which was not yet published in the advance sheets of the Michigan Court of Appeals Reports at the time it submitted its brief, based upon its argument in discussing analogous cases, defendant would apparently contend that this case differs from *Sherman* in that the injury here did not involve equipment necessary in the process of loading or unloading. Instead, defendant would continue to argue that the trailer was merely the site of plaintiff's injury and that plaintiff could have twisted and injured his back anywhere.

We find the federal district court's opinion in *BASF Wyandotte Corp v Transport Ins Co,* 523 F Supp 515, 517 (ED Mich, 1981), persuasive, however, wherein the court said:

"Using the broad remedial interpretation that is mandated in the interpretation of the No-Fault Insurance Act, it becomes clear that use of a motor vehicle as a motor vehicle must include the loading and unloading of the vehicle. The motor vehicle involved in this case is a commercial tank truck, and certainly one of its basic uses is its loading and unloading. The term 'use' should be understood in its most comprehensive sense, and clearly is not confined merely to motion on the highway. It extends to any activity utilizing the insured vehicle in the manner intended or contemplated by the insured. A tank truck would be of no use were it not loaded and unloaded.

\* \* \*

"In this case the tank truck, both tractor and trailer together, constitute a motor vehicle for the purpose of the Michigan No-Fault Act. Inherent in the use of a commercial tank truck is the loading, transporting, and

unloading of the cargo. Where the motor vehicle in question is a tank truck, as here, and loading and unloading are inherent in its use, as here, then it is clear that it is covered by the statutory language."

Although *BASF Wyandotte* involved an action for property protection benefits, we nonetheless find that its rationale is applicable here. Inherent in the use of the truck and semitrailer plaintiff was operating was the loading and unloading of merchandise. As such, plaintiff's injury was causally related to the use of a motor vehicle.[2]

Reversed and remanded. Plaintiff-appellant may tax costs.

---

[2] We do not mean to imply that this Court finds that plaintiff did, indeed, suffer the injury of which he has complained. We note that defendant, in answer to plaintiff's complaint, has not admitted that an injury was sustained. We do hold, however, that, if indeed plaintiff can prove he sustained the injury of which he complains, he will be entitled to recover no-fault benefits.