BELL v WHITE

Docket No. 79529. Submitted July 3, 1985, at Detroit.—Decided October 8, 1985. Leave to appeal denied, 424 Mich —.

Plaintiff, Cassandra Bell, was driving an automobile owned by her sister. The hood popped open and plaintiff stopped in the roadway and exited from the vehicle in order to close the hood. As she was standing outside the vehicle, it was struck by a bus owned by St. Cyprian Schools and driven by James White. Plaintiff was in turn struck by her vehicle and was injured. Neither vehicle was insured, and plaintiff's application for no-fault benefits was assigned by the assigned claims facility to Allstate Insurance Company. Plaintiff brought an action against White, Allstate and St. Cyprian Schools, after which Allstate began paying benefits and then brought a cross-claim against St. Cyprian for indemnification. The Wayne Circuit Court, Richard C. Kaufman, J., granted summary judgment in favor of St. Cyprian, holding that Allstate was liable for no-fault benefits because the plaintiff was an "occupant" of the car when she was injured. Allstate appealed. *Held:*

An "occupant", for purposes of the no-fault act, does not include a person who has exited from his or her vehicle and is standing several feet away from the vehicle when struck by another vehicle. Thus, plaintiff was not an "occupant" of the car when injured, and the priority provisions of the no-fault act place liability for payment of benefits on St. Cyprian Schools.

Reversed and remanded.

INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES — OCCUPANTS.

An "occupant", for purposes of the automobile no-fault insurance act, does not include a person who has exited from his or her motor vehicle and is standing outside the vehicle, several feet away from the door, when struck by another vehicle (MCL 500.3114[4], 500.3115; MSA 24.13114[4], 24.13115).

*Garan, Lucow, Miller, Seward, Cooper & Becker,*

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

What constitutes occupancy of motor vehicle for purpose of no-fault automobile insurance coverage. 35 ALR4th 364.

*P.C.* (by *James L. Borin),* and *Gromek, Bendure & Thomas* (by *Daniel J. Wright),* of counsel, for Allstate Insurance Company.

*Kaufman & Payton* (by *Donald L. Payton),* for St. Cyprian Schools.

Before: BEASLEY, P.J., and J. H. GILLIS and M. J. KELLY, JJ.

PER CURIAM. This case involves the question of whether plaintiff was an "occupant" of a motor vehicle under Michigan's no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* when she was struck by a bus owned by defendant St. Cyprian Schools and driven by defendant James White. Our resolution of this issue is squarely governed by the Supreme Court's decision in *Royal Globe Ins Cos v Frankenmuth Mutual Ins Co,* 419 Mich 565; 357 NW2d 652 (1984), and we hold that plaintiff was not an "occupant" of a motor vehicle within the meaning of the no-fault act.

At approximately noon on March 26, 1981, plaintiff was driving her sister's automobile southbound on the Southfield Freeway when the hood of the car popped up, blocking her vision. Plaintiff stopped the car in the center lane of the freeway, exited from it and walked around to the front to close the hood. As she was standing outside the car, possibly walking toward the driver's door, the St. Cyprian school bus struck the rear of plaintiff's vehicle, which in turn struck plaintiff causing her serious injuries.

Neither defendants nor the owner of the automobile driven by plaintiff were insured. Plaintiff submitted an application for personal insurance protection benefits to the assigned claims facility which appointed Allstate Insurance Company as

the insurer responsible for plaintiff's claim. Plaintiff subsequently brought suit against defendants seeking insurance benefits and damages for injuries. Allstate thereafter began to pay benefits to plaintiff.

On March 23, 1982, Allstate filed a cross-claim for indemnification against St. Cyprian Schools for benefits paid plaintiff and both parties subsequently moved for summary judgment. The parties agreed at the motion for summary judgment that, under the priority provisions of the no-fault act, Allstate would be liable for payment of plaintiff's insurance benefits if plaintiff was an occupant of her sister's car at the time of the accident, MCL 500.3114(4); MSA 24.13114(4), but that St. Cyprian would be liable for payment of plaintiff's benefits if plaintiff was not an occupant. MCL 500.3115; MSA 24.13115.

In granting summary judgment in favor of St. Cyprian, the court opined that the position of Allstate made better sense but that a decision in favor of St. Cyprian was required under the precedent of *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975). Following the entry of the trial court's order of summary judgment and during the pendency of this appeal, however, the Supreme Court released its opinion in *Royal Globe, supra,* in which it rejected any application of its holding in *Nickerson* to the question of occupancy in the no-fault context. In *Royal Globe,* the Supreme Court construed the term "occupant" as used in the no-fault act according to its primary and generally understood meaning. While the opinion leaves undecided the status of "persons within and upon a motor vehicle as well as those entering into and alighting from it", 419 Mich 576, it is eminently clear that the term occupant does not include a person who has exited

from his or her motor vehicle and is standing outside the vehicle, several feet away from the door, when struck by another automobile. *Id.* This is the scenario presented in the instant case and we thus reverse the order of summary judgment entered in favor of St. Cyprian. See also *Hawkins v Allstate Ins Co,* 421 Mich 851; 362 NW2d 236 (1985), *remanding* 132 Mich App 603; 347 NW2d 760 (1984). We remand this case for entry of a summary judgment order in favor of Allstate.

Reversed and remanded.