ROSNER v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 125708. Submitted October 2, 1990, at Marquette. Decided
May 7, 1991, at 9:50 A.M.

F. Eugene Rosner brought an action in the Dickinson Circuit
Court against Michigan Mutual Insurance Company, seeking
personal protection insurance benefits under the no-fault act
for injuries sustained in an accident in Wisconsin while driving
a tractor-trailer whose trailer, but not its tractor, was insured
by the defendant. The court, Francis D. Brouillette, J., granted
summary disposition for the plaintiff, determining that he was
an occupant of the trailer at the time of the accident and that
the defendant was liable to pay him personal protection insur-
ance benefits under § 3111 of the no-fault act, MCL 500.3111;
MSA 24.13111. The defendant appealed.

The Court of Appeals held:

1. The tractor and trailer of a tractor-trailer combination are
separate vehicles for purposes of the no-fault act.

2. Under the plain and ordinary meaning of the word "occu-
pant," the plaintiff in this case was at the time of the accident
an occupant of the tractor only. Thus, he was not an occupant
of the trailer and the defendant, as insurer of the trailer, was
not liable to pay him personal protection insurance benefits
pursuant to § 3111 of the no-fault act.

Reversed and remanded for summary disposition in favor of
the defendant.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE —
TRACTOR-TRAILERS.

A person who sustains accidental bodily injury while occupying
the tractor of a tractor-trailer combination outside Michigan is
an occupant of the tractor only for purposes of the no-fault act;
where the tractor and trailer are insured by different insurers,
the insurer of the trailer is not liable to pay personal protec-
tion insurance benefits for injuries sustained by an occupant of
the tractor (MCL 500.3111; MSA 24.13111).

REFERENCES

Am Jur 2d, Automobile Insurance § 354.

What constitutes occupancy of motor vehicle for purpose of no-fault
automobile insurance coverage. 35 ALR4th 364.

*Petrucelli & Petrucelli, P.C.* (by *Joseph C. Sartorelli*), for the plaintiff.

*Lori & Jaspen, P.C.* (by *Daniel M. Jaspen*), for the defendant.

Before: MURPHY, P.J., and BRENNAN and MARILYN KELLY, JJ.

PER CURIAM. Defendant appeals as of right from a Dickinson Circuit Court order granting summary disposition to plaintiff. MCR 2.116(C)(10). The court found that, under the no-fault act, plaintiff was an "occupant" of the insured vehicle and, therefore, was entitled to recover personal protection benefits from defendant. MCL 500.3111; MSA 24.13111. We reverse and grant summary disposition to defendant.

On October 29, 1986, plaintiff was driving a semitrailer truck in Wisconsin when the truck jackknifed, injuring him. The tractor and the trailer were separately owned and insured. The tractor was owned by a Wisconsin company, Pound Transport, registered in Wisconsin, and insured by a Wisconsin insurer. Plaintiff is the sole employee and principal shareholder of Pound. The trailer was owned by Moniowczak Transit, a Michigan corporation. It was registered in Wisconsin and insured under the Michigan no-fault act by defendant. Moniowczak leased the tractor from Pound and hired plaintiff to deliver the goods loaded in it. Plaintiff was within the tractor when the accident occurred.

Plaintiff filed suit to recover insurance benefits under the policy issued by defendant. Both parties moved for summary disposition. Defendant argued that plaintiff was not an occupant of the trailer at the time of the accident and therefore was not

entitled to coverage. Plaintiff argued that he was an occupant of the motor vehicle and, as a result, was entitled to judgment.

The judge analogized the tractor-trailer truck to a train, reasoning that when one is occupying one car in a train, one is on the train. Therefore, when one is in the tractor, one is in the semitrailer truck. He granted summary disposition to plaintiff as to liability.

On appeal, defendant contends that the trial judge erred as a matter of law in finding that plaintiff was an occupant of the trailer and entitled to benefits under the statute.

The no-fault act provides in part:

> Personal protection insurance benefits are payable for accidental bodily injury suffered in an accident occurring out of this state, if the accident occurs within the United States, its territories and possessions or in Canada, and the person whose injury is the basis of the claim was at the time of the accident . . . *an occupant of a vehicle involved in the accident whose owner or registrant was insured under a personal protection insurance policy* or has provided security approved by the secretary of state under subsection (4) of section 3101. [Emphasis added. MCL 500.3111; MSA 24.13111.]

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Joy Management Co v Detroit,* 176 Mich App 722, 730; 440 NW2d 654 (1989). We look first to the specific language of the statute. The Legislature is presumed to have intended the meaning it plainly expressed. If the meaning of the language is clear, judicial construction is normally neither necessary nor permitted. Unless defined in the statute, every word or phrase of a

statute should be accorded its plain and ordinary meaning. *Victorson v Dep't of Treasury,* 183 Mich App 318, 323; 454 NW2d 256 (1990). Doubtful or ambiguous provisions of a statute should be construed in accordance with related provisions. *Griffin v Lumbermens Mutual Casualty Co,* 128 Mich App 624, 630; 341 NW2d 163 (1983).

The tractor and the trailer are considered two separate vehicles within the meaning of the no-fault act. *Parks v DAIIE,* 426 Mich 191, 198; 393 NW2d 833 (1986); *Jasinski v National Indemnity Ins Co,* 151 Mich App 812, 819; 391 NW2d 500 (1986); *Citizens Ins Co of America v Roadway Express, Inc,* 135 Mich App 465, 470-471; 354 NW2d 385 (1984). It is uncontested that plaintiff was an occupant of the tractor at the time of the accident. Thus it seems illogical that plaintiff could have also been an occupant of the trailer which is a separate vehicle in the eyes of the statute. Plaintiff urges us to adopt a broader construction of the word "occupant."

In a 1984 priority dispute among insurers, the Supreme Court concluded that the word "occupant" should be given its generally understood meaning. The purposes of the no-fault act are better served, the Court concluded, by the certainty and predictability that a literal construction of the word "occupant" will yield. *Royal Globe Ins Cos v Frankenmuth Mutual Ins Co,* 419 Mich 565, 575; 357 NW2d 652 (1984). The Court found that a passenger who had alighted from a vehicle and was unloading goods was not an occupant when the vehicle struck her. Other cases have followed a restrictive construction of the word "occupant." Most of them involve a situation where the driver had gotten out of a vehicle and was standing near it when injured. See *Lankford v Citizens Ins Co of America,* 171 Mich App 413, 420; 431 NW2d 59 (1988); *Hackley v State Farm Mutual Automobile*

*Ins Co,* 147 Mich App 115, 123; 383 NW2d 108 (1985); *Bell v White,* 146 Mich App 321; 379 NW2d 483 (1985).

Plaintiff lists several Court of Appeals decisions in order to distinguish the *Royal Globe* and parked vehicle cases from this case. See *Hathcox v Liberty Mutual Ins Co,* 90 Mich App 511; 282 NW2d 374 (1979); *Sherman v Michigan Mutual Ins Co,* 124 Mich App 700; 335 NW2d 232 (1983); *Childs v American Commercial Liability Ins Co,* 177 Mich App 589; 443 NW2d 173 (1989). *Hathcox* and *Sherman* are unpersuasive, as they used the terms "truck," "trailer" and "vehicle" interchangeably. *Roadway Express,* 469. Moreover they were decided before *Royal Globe.*

In *Childs,* this Court held that a person need not be seated in the passenger area of a motor vehicle to be considered an occupant. *Id.,* 593. The plaintiff was in the bed of a pickup truck. A pickup truck, including the bed, is one motor vehicle. The bed is analogous to the rear seat of a car. By contrast, tractors and trailers are separate instrumentalities. An indication of their separateness is that, even when they are connected, as in this case, they are often owned, operated, and insured by different entities. *Roadway Express,* 471.

In construing the term "occupant" in accordance with other provisions of the no-fault act, we conclude that plaintiff was not an occupant of the trailer. A victim is not an occupant of a vehicle where he is standing outside it. Likewise, he cannot be an occupant of one vehicle at the same moment he is seated in a different vehicle. Therefore, plaintiff is not covered under § 3111. The trial judge erred in denying defendant's motion for summary disposition.

Reversed and remanded so the trial court may enter summary disposition in favor of defendant. We do not retain jurisdiction.