CHILDS v AMERICAN COMMERCIAL LIABILITY INSURANCE
COMPANY

Docket No. 100387. Submitted February 13, 1989, at Detroit. Decided
    March 28, 1989. Leave to appeal applied for.

Plaintiff, John Childs, was injured while sitting on the bed of his
    pickup truck, which was parked on a public street awaiting
    transmission repairs. The accident occurred when a vehicle hit
    another vehicle, which was parked behind plaintiff's truck,
    pushing it into the truck and injuring plaintiff. The truck was
    not insured but plaintiff owned another vehicle which was
    insured by defendant, American Commercial Liability Insur-
    ance Company. Plaintiff brought an action in the Wayne Cir-
    cuit Court to recover no-fault insurance benefits for medical
    expenses and lost wages. Defendant denied liability and moved
    for summary disposition claiming that plaintiff was not entitled
    to benefits because he was an occupant of an uninsured vehicle
    that was involved in the accident. The trial court, Lucile A.
    Watts, J., denied defendant's motion. Defendant appealed
    therefrom by leave granted.

    The Court of Appeals *held:*

    1. Plaintiff's uninsured truck was "involved in the accident"
    thus precluding recovery under MCL 500.3113(b); MSA
    24.13113(b).

    2. A parked vehicle is deemed to be involved in the accident
    where the injury was sustained by a person while occupying
    the vehicle. Plaintiff was occupying the truck at the time the
    accident occurred. Plaintiff's activity of sitting in the back of
    the truck while it was parked on the street awaiting transmis-
    sion repairs was identifiable with the use of the truck as a
    motor vehicle.

    Reversed.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 351 *et seq.*

Effect of statutory exclusion, from personal injury protection of no-
    fault insurance coverage, of owner, registrant, or occupant of
    uninsured vehicle. 27 ALR4th 176.

What constitutes occupancy of motor vehicle for purposes of no-
    fault automobile insurance coverage. 35 ALR4th 364.

1. INSURANCE — NO-FAULT — AUTOMOBILES.

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident the person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by the no-fault act was not in effect (MCL 500.3113[b]; MSA 24.13113[b]).

2. INSURANCE — NO-FAULT — PARKED VEHICLES.

A vehicle which is parked is not considered to be involved in an accident pursuant to the no-fault act unless the situation falls within one of the parked vehicle exceptions of the act; a parked vehicle is deemed to be involved in the accident where the injury was sustained by a person while occupying, entering into, or alighting from the vehicle (MCL 500.3106[c]; MSA 24.13106[c]).

3. INSURANCE — NO-FAULT — PARKED VEHICLES.

A person who was injured when another vehicle hit his uninsured pickup truck while he was sitting in the back of the pickup truck while it was parked on a street awaiting transmission repairs was occupying the truck at the time the accident occurred for purposes of applying the parked vehicle exceptions of the no-fault act; such person's activity is identifiable with the use of the truck as a motor vehicle (MCL 500.3106[c]; MSA 24.13106[c]).

*Stalburg, Fischer & Weberman, P.C.* (by *Armin G. Fischer*), for plaintiff.

*Barbier, Petersmarck, Tolleson, Mead, Paige & Carlin, P.C.* (by *Christopher G. Manolis*), for defendant.

Before: SAWYER, P.J., and MAHER and BRENNAN, JJ.

PER CURIAM. Defendant appeals by leave granted from the April 15, 1987, order of the Wayne Circuit Court which denied its motion for summary disposition as to plaintiff's claim for no-fault insurance benefits. We reverse.

The underlying facts are not in dispute. On

September 26, 1986, plaintiff was injured while sitting on the bed of his 1969 Chevrolet pickup truck, which was parked along Ash Street in Detroit awaiting transmission repairs. On that date, an automobile traveling westbound rammed a second vehicle, which was parked behind plaintiff's truck, pushing it into the truck and injuring plaintiff. The truck was not insured at the time of the accident but plaintiff owned another vehicle which was insured by defendant.

In November of 1986, plaintiff sued defendant to recover no-fault insurance benefits for medical expenses and lost wages. Defendant denied liability and, in February of 1987, filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). Defendant claimed that, under § 3113(b) of the no-fault act, plaintiff was not entitled to benefits because he was an occupant of an uninsured vehicle that was involved in the accident. MCL 500.3113(b); MSA 24.13113(b).

At the conclusion of a hearing on February 20, 1987, the trial court found that plaintiff was not an "occupant" of the truck, within the meaning of MCL 500.3106(1)(c); MSA 24.13106(1)(c), and that there was no nexus between the activity giving rise to the injury and the use of the truck as a motor vehicle. Accordingly, the court ruled that plaintiff was not precluded from recovering no-fault benefits. An order denying defendant's motion for summary disposition was entered on April 15, 1987. Defendant thereafter applied for, and was granted, leave to appeal to this Court.

The sole issue presented on appeal is whether plaintiff's uninsured pickup truck was "involved in the accident," thus precluding him from recovering no-fault benefits under § 3113(b). We answer that question in the affirmative.

Section 3113(b) of the no-fault act provides:

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

* * *

(b) The person was the owner or registrant of a motor vehicle or motorcycle *involved in the accident* with respect to which the security required by section 3101 or 3103 was not in effect.

That exclusionary provision reflects a legislative policy to deny no-fault benefits to those persons whose uninsured motor vehicles become involved in accidents. *Wright v League General Ins Co,* 167 Mich App 238, 243; 421 NW2d 647 (1988).

Under the no-fault act, a vehicle which is parked is not considered to be "involved in the accident" unless the situation falls within one of the parked vehicle exceptions of MCL 500.3106; MSA 24.13106. *Heard v State Farm Mutual Automobile Ins Co,* 414 Mich 139, 144; 324 NW2d 1; 27 ALR4th 163 (1982), reh den 414 Mich 1111 (1982). The § 3106 exceptions define when a parked vehicle is considered to be involved in an accident. Each exception pertains to those characteristics of a parked vehicle as a motor vehicle which distinguish it from other stationary roadside objects (e.g., a tree, signpost, or boulder) which can be involved in motor vehicle accidents. *Heard, supra,* pp 144-145.

Under § 3106(1)(c), a parked vehicle is deemed to be involved in the accident where "the injury was sustained by a person *while occupying,* entering into, or alighting from the vehicle." *Heard, supra,* p 153. In such case, the vehicle, although parked, is not a tree, pole, or other roadside object insofar as the occupant is concerned. *Heard, supra,* pp 153-154. This Court has interpreted the situation of "occupying" a motor vehicle rather broadly. A

person need not be seated in the passenger area of a motor vehicle to be considered an occupant under § 3106(1)(c). See, e.g., *Koole v Michigan Mutual Ins Co,* 126 Mich App 483; 337 NW2d 369 (1983), lv den 419 Mich 856 (1984) (person injured by explosion while inside camper attached to pickup truck was an occupant); *Sherman v Michigan Mutual Ins Co,* 124 Mich App 700; 335 NW2d 232 (1983) (person injured while standing with one foot on a truck trailer was an occupant); *Davis v Auto-Owners Ins Co,* 116 Mich App 402; 323 NW2d 418 (1982), lv den 419 Mich 895 (1984) (person injured while operating winch levers on back of tow truck was an occupant).

In the case at bar, plaintiff was injured while sitting in the back of a pickup truck which was parked on the street awaiting transmission repairs. That activity was identifiable with the use of the truck as a motor vehicle. Although parked, the truck was not like any roadside stationary object as far as plaintiff was concerned. Plaintiff was "occupying" (as that term has been broadly construed by this Court) the truck at the time the accident occurred. The trial court erred in holding otherwise. Since the truck was uninsured, plaintiff is not entitled to no-fault benefits from defendant pursuant to § 3113(b) of the act. *Braun v Citizens Ins Co,* 124 Mich App 822; 335 NW2d 701 (1983).

Reversed.