# STATE OF MICHIGAN

# COURT OF APPEALS

KELLI SHINN,

Plaintiff-Appellant,

v

STATE OF MICHIGAN SECRETARY OF
STATE ASSIGNED CLAIMS FACILITY,

Defendant,

and

AMERICAN COUNTRY INSURANCE
COMPANY and FARMERS INSURANCE
EXCHANGE,

Defendants-Appellees.

FOR PUBLICATION
March 29, 2016
9:15 a.m.

No. 324227
Wayne Circuit Court
LC No. 13-008123-NF

Before: RONAYNE KRAUSE, P.J., and JANSEN and STEPHENS, JJ.

RONAYNE KRAUSE, P.J.

Plaintiff Kelli Shinn appeals as of right the trial court's order granting summary disposition of her claim for no-fault personal injury protection (PIP) coverage in favor of American Country Insurance Company and Farmers Insurance Exchange. We affirm in part, reverse in part, and remand.

The facts in the case are not, at least for purposes of the instant summary disposition motion, disputed. Plaintiff owned a vehicle that, at the time of the accident, was not insured but was not operating. The vehicle was parked on the street in front of her house. During a walk with her baby, plaintiff opened the door to the vehicle and sat in the passenger seat, partially inside and partially outside the vehicle. While plaintiff was seated and partially inside the vehicle, Robert Daniels drove another car into the rear of plaintiff's vehicle. For purposes of the

-1-

instant motion, there is no dispute that plaintiff was injured.[1]  Likewise, there is no dispute that plaintiff was "occupying" the vehicle within the meaning of MCL 500.3106(1)(c).  At issue is whether she is entitled to PIP benefits from either defendant.  Defendant Farmers Insurance Exchange (Farmers) is the insurer assigned to plaintiff's claim by the Michigan Assigned Claims Facility, and defendant American Country Insurance Company (ACIC) is the insurer of Daniels's vehicle.

The trial court granted summary disposition pursuant to MCR 2.116(C)(10), which tests the factual sufficiency of the complaint.  *Urbain v Beierling*, 301 Mich App 114, 122; 835 NW2d 455 (2013).  We review decisions on motions for summary disposition de novo.  *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

> In evaluating a motion for summary disposition brought under Subrule (C)(10), a reviewing court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion.  Summary disposition is properly granted if the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.  [*Klein v HP Pelzer Auto Sys, Inc*, 306 Mich App 67, 75; 854 NW2d 521 (2014).]

"Interpretation of a statute or court rule constitutes a question of law that is also reviewed de novo."  *Silich v Rongers*, 302 Mich App 137, 143; 840 NW2d 1 (2013).  "When a statute's language is clear and unambiguous, we must apply the terms of the statute to the circumstances of the particular case . . . and we will not read words into the plain language of the statute."  *PIC Maintenance, Inc v Dep't of Treasury*, 293 Mich App 403, 410-411; 809 NW2d 669 (2011).

We note initially that plaintiff has not provided this Court with a transcript of the summary disposition motion hearing, nor has any certificate been filed by the court reporter verifying that the transcript had even been ordered.  Plaintiff is therefore in violation of MCR 7.210(B)(1)(a), which constitutes a waiver of the issue.  *People v Wilson*, 196 Mich App 604, 615; 493 NW2d 471 (1992).  Nevertheless, because of the importance and meritoriousness of the issue raised, and because our review is de novo and thus not dependent on the trial court's reasoning, we will not punish plaintiff for her counsel's neglect, and we choose to consider the matter.  See *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002).

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."  MCL 500.3105(1).  Defendants argued below, and the trial court presumably accepted, that pursuant to MCL 500.3113(b) and MCL 500.3101(1), because plaintiff was occupying an uninsured, parked vehicle, she was not entitled to PIP benefits; ACIC further argues that it was entitled to summary disposition because it was not an insurer listed in the order of priority under MCL 500.3114(4)(a).

---

[1] Defendants note that they do challenge the extent thereof but concede that that dispute is not before us at this time.

The parties rely on authority involving parked cars, but, extremely critically, the statutory provisions cited in those cases have since been amended. The pinnacle case is *Heard v State Farm Mut Auto Ins Co*, 414 Mich 139; 324 NW2d 1 (1980). In *Heard*, the plaintiff's uninsured vehicle was parked at a gas station and the plaintiff was outside that vehicle, pumping his gas, when another vehicle insured by State Farm struck him and pinned him against his vehicle. In analyzing whether the plaintiff could collect PIP benefits from State Farm, the threshold question was whether the uninsured vehicle was involved in the accident for purposes of MCL 500.3113(b). At the time *Heard* was decided, MCL 500.3113 provided, in relevant part:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> (a) The person was using a motor vehicle which he had taken unlawfully, unless he reasonably believed that he was entitled to take and use the vehicle.
>
> (b) The person was the owner or registrant of a motor vehicle or motorcycle *involved in the accident* with respect to which the security required by subsections (3) and (4) of section 3101 was not in effect.
>
> (c) The person was not a resident of this state, was an occupant of a motor vehicle or motorcycle not registered in this state and was not insured by an insurer which has filed a certification in compliance with section 3163. [Emphasis added.]

At that time, MCL 500.3101, 1977 PA 54, provided, in relevant part: "(1) The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall be in effect continuously during the period of registration of the motor vehicle."

The Court ruled that a parked car is only involved in an accident if one of the exceptions to the parked vehicle provision in MCL 500.3106 applies. At that time, MCL 500.3106 provided:

> (1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:
>
> (a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.
>
> (b) Except as provided in subsection (2), the injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process.

(c) Except as provided in subsection (2) for an injury sustained in the course of employment while loading, unloading, or doing mechanical work on a vehicle, the injury was sustained by a person while occupying, entering into, or alighting from the vehicle.[2]  [Footnote added.]

The Court found that none of the exceptions applied, and therefore, the uninsured vehicle was not involved in the accident for purposes of the exclusion in MCL 500.3113(b).  It reasoned that when a parked vehicle that is not involved in the accident and is not being used as a motor vehicle—but is more like any other stationary object that could be hit by a car, such as a tree, sign post, or boulder—the owner of the uninsured vehicle would not be precluded from benefits. *Id.* at 148.  Without any discussion of whether any security was actually required under MCL 500.3101, our Supreme Court concluded that summary disposition under the exclusion in MCL 500.3113(b) was inappropriate.

The parties also rely on two more recent cases, which are more factually similar to the instant case because the plaintiffs were occupying the vehicle, and were not outside the vehicle as in *Heard*.  In *Childs v American Commercial Liability Ins Co*, 177 Mich App 589, 591; 443 NW2d 173 (1989),[3] the plaintiff was sitting on the bed of his parked truck awaiting repairs when another vehicle driving on the street struck a vehicle parked behind plaintiff's truck, which then struck plaintiff's truck.  The plaintiff's truck was uninsured, but American Commercial insured another vehicle owned by the plaintiff. *Id.*  This Court ruled that sitting on the back of a pickup truck was "identifiable with the use of the truck as a motor vehicle," and the plaintiff was occupying it for purposes of MCL 500.3106.  Without any discussion of whether any security was actually required under MCL 500.3101,[4] the Court ruled that the plaintiff was therefore excluded from PIP benefits under MCL 500.3113(b). *Id.* at 593.

---

[2] MCL 500.3106 is substantially similar today.  However, part (c) no longer makes specific reference to injuries sustained in the course of employment, but rather only generally references subsection (2):  "Except as provided in subsection (2), the injury was sustained by a person while occupying, entering into, or alighting from the vehicle."

[3] *Childs* is not binding on this Court because it was decided before 1990.  MCR 7.215(J)(1).

[4] If *Childs* had done so, it would have been required to apply a version of the statute that no longer exists and therefore would have had no relevance in any event.  The accident in *Childs* occurred on September 26, 1986, at which time MCL 500.3101(1) provided, in relevant part, that "Security shall be in effect continuously during the period of registration of the motor vehicle." 1984 PA 84, effective April 19, 1984.  Subsequently, that statutory provision was amended to provide, in relevant part, that "Security shall only be required to be in effect during the period the motor vehicle is driven or moved upon a highway." 1987 PA 168, effective November 9, 1987 with "immediate effect."  In other words, *Childs* is not relevant authority regarding any requirement to maintain insurance under MCL 500.3101(1) because the critical portion of that statute was substantially amended after the relevant date in that case.

In *Adams v Citizens Ins Co of America*, unpublished opinion per curiam of the Court of Appeals, issued March 4, 2010 (Docket No. 290037), p 1,[5] the plaintiff was injured when a vehicle driving on the road lost control and struck the plaintiff's mother's uninsured vehicle, where he was sitting while it was parked in their driveway. The plaintiff filed a claim for PIP benefits with the assigned claims facility, and the claim was assigned to the defendant. The trial court granted the defendant's motion for summary disposition, and on appeal, the plaintiff's primary argument was that there was a question of fact regarding whether he was an "owner" under MCL 500.3113(b), which this Court rejected. On appeal, the plaintiff also argued that he was not "involved in the accident" under MCL 500.3113(b), but this Court rejected his claim. Relying on *Heard* and *Childs*, this Court referenced MCL 500.3106(1)(c) to conclude that, because the plaintiff was occupying the parked vehicle, he was "involved in the accident" as a matter of law. *Id.* at 2. Again, in *Adams*, this Court did not cite or analyze MCL 500.3101 to determine whether any security was actually required.

On appeal, the parties do not appear to dispute that plaintiff's uninsured vehicle was involved in the accident for purposes of MCL 500.3113(b) because all agree that plaintiff was occupying it under MCL 500.3106(1)(c), but instead plaintiff raises an argument that was not addressed in the earlier cases. Specifically, plaintiff argues that, under MCL 500.3101, she was not required to maintain security for payment of PPI benefits. Neither defendant has specifically responded to this argument.

In *Heard*, our Supreme Court explained that the disqualification of an uninsured owner from entitlement to no-fault benefits is not absolute. *Heard*, 414 Mich at 145. MCL 500.3113(b) currently provides, in relevant part:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> * * *
>
> (b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect.

After *Heard* was decided, in 1987, the Legislature amended MCL 500.3101(1), 1987 PA 168. Under the previous versions of the statute, "Security shall be in effect continuously during the period of registration of the motor vehicle." See, e.g., MCL 500.3101(1), 1972 PA 294. This language suggests that the security was required regardless of whether the vehicle was being driven or parked. Under 1987 PA 168, and the current version of the statute, that continuous

---

[5] *Adams* is an unpublished opinion and is not binding under the rule of stare decisis. MCR 7.215(C)(1). Additionally, consideration of unpublished cases is disfavored, but we do so here because of the extensive reliance already placed on this case by the parties and because of the dearth of other case law, binding or not.

coverage is no longer required during the period of registration of the motor vehicle.[6]  Rather, "[s]ecurity is only required to be in effect during the period the motor vehicle is driven or moved on a highway."  MCL 500.3101(1), 1987 PA 168 and 2015 PA 492.

Plaintiff argues that she was not driving her vehicle at the time of the accident because it had just been repaired and was uninsured.  She therefore argues that she was not required to maintain the security under the current version of MCL 500.3101(1).  The term "period" is defined as "the completion of a cycle, a series of events, or a single action."  *Merriam-Webster's Collegiate Dictionary* (11th ed).  Because any driving or movement on a highway was completed several days before the accident when plaintiff's vehicle was moved from the repair shop to 4th Street, and the vehicle was parked at the time of the accident, we agree with plaintiff's argument that security was not required at that time, presuming the facts are as plaintiff states them.[7]  Therefore, PIP benefits should not have been excluded under MCL 500.3113(b) and MCL 500.3101(1).

However, we agree with ACIC's argument that it was nevertheless entitled to summary disposition pursuant to MCL 500.3114, which governs priority of insurer responsibility for PIP benefits.  MCL 500.3114 provides, in relevant part:

> (4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) The insurer of the owner or registrant of the vehicle occupied.
>
> (b) The insurer of the operator of the vehicle occupied.

Again, the parties all agree that plaintiff was an occupant of the plaintiff's vehicle.  ACIC was the insurer of the vehicle that struck plaintiff's vehicle, not of the owner or registrant of the plaintiff's vehicle.  MCL 500.3114(4)(a).  Because there was no operator of plaintiff's vehicle, ACIC was not the insurer under MCL 500.3114(4)(b).  Therefore, ACIC was entitled to summary disposition.  See *Allstate Ins Co v Dep't of Mgt & Budget*, 259 Mich App 705, 715; 675 NW2d 857 (2003), superseded by 2008 PA 241, amending MCL 500.3101 (where an insurer is neither the insurer of the owner or registrant, nor the insurer of the operator, summary disposition should be granted).  Farmers, in contrast, as the insurer for the assigned claims plan, is the insurer of last priority and would not be entitled to summary disposition relief under MCL 500.3114.  See *Hunt v Citizens Ins Co*, 183 Mich App 660, 666; 455 NW2d 384 (1990).

---

[6] See footnote 4.

[7] Under the present procedural posture of the case, we make that presumption, and certainly we have found nothing in defendants' briefs suggesting to the contrary.  However, we do not make any decision to that effect at this time.

     We therefore affirm the grant of summary disposition in favor of ACIC, but we reverse the grant of summary disposition in favor of Farmers and remand for further proceedings consistent with this opinion. In view of plaintiff's unexcused failure to file the mandatory transcript with this Court, we direct that both defendants may nevertheless tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens