*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PORSHA WILLIAMSON and LATESHEA
WILLIAMSON, Copersonal Representatives of the
ESTATE OF CHARLES WILLIAMSON,

UNPUBLISHED
April 04, 2025
2:01 PM

Plaintiffs-Appellants,

v

No. 357070
Wayne Circuit Court
LC No. 19-014047-NF

AAA OF MICHIGAN,

Defendant-Appellee.

ON REMAND

Before: RICK, P.J., and GARRETT and MALDONADO , JJ.

PER CURIAM.

This case returns to this Court on remand from our Supreme Court. In our previous opinion, we held that MCL 500.3173a(4), pertaining to a fraudulent insurance act involving a claim submitted to the Michigan Automobile Insurance Placement Facility (MAIPF), applied only to statements made in the prelitigation claims process and not to statements made during litigation. *Estate of Charles Williamson v AAA of Michigan*, 343 Mich App 496, 500, 512-513; 997 NW2d 296 (2022) (*Williamson I*). Our Supreme Court reversed and remanded for this Court to address plaintiffs' alternative arguments not addressed in *Williamson I*. Having done so, we again reverse and remand to the trial court for further proceedings.

## I. FACTUAL BACKGROUND

Plaintiffs' decedent, Charles Williamson, was injured in an automobile-pedestrian accident. He applied for no-fault personal protection insurance (PIP) benefits with the MAIPF, which assigned the claim to defendant AAA of Michigan (AAA) under the Michigan Assigned Claims Plan (MACP). Williamson filed this action after AAA refused to pay PIP benefits. After Williamson died on October 24, 2019, plaintiffs, Williamson's daughters and the copersonal representatives of his estate, proceeded with this action.

-1-

During discovery, plaintiff Lateshea Williamson (Lateshea) signed interrogatory answers on behalf of the Estate. Interrogatory #30 asked whether the Estate claimed loss-of-services benefits. No answer was provided to that question, but interrogatory #31 stated, "[i]f your answer to Interrogatory 30 is yes, please provide the following information as to each person who has provided to you such services[.]" Lateshea responded that Lirrice Brown had provided the services and further stated, "[s]ee attached services forms[.]" The forms attached were dated on the last day of each month and indicated that Brown had provided certain specified services seven days per week. Although Williamson died on October 24, 2019, the attachments included forms dated October 31, 2019,[1] November 30, 2019, and December 31, 2019.

Interrogatory #57 asked whether the Estate claimed benefits for attendant-care services and, if so, the total amount of attendant-care services claimed. Lateshea answered "[y]es. See attached[.]" Similar to the replacement-services forms, the attendant-care forms were dated monthly and indicated that Brown provided attendant-care services for Williamson on dates after his death, including the entire months of November and December 2019.

AAA moved for summary disposition under MCR 2.116(C)(10), arguing that the Estate knowingly made material misrepresentations in support of its claim for no-fault benefits by submitting forms that included services purportedly rendered after Williamson died. AAA argued that the material misrepresentations precluded the recovery of benefits under MCL 500.3173a(4) and *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772; 910 NW2d 666 (2017). The Estate opposed the motion, arguing that the forms were predated and completed before Williamson's death. The Estate asserted that its attorney was required to produce the forms during discovery and that the forms had not been submitted directly to AAA for payment. The trial court agreed with AAA and determined that the Estate was ineligible for benefits under MCL 500.3173a because it committed a fraudulent insurance act by knowingly making material misrepresentations in support of its claim.

This Court reversed and remanded for further proceedings. The Estate first argued that the forms did not constitute statements made in support of a "claim" for benefits as discussed in MCL 500.3173a(4) because they were produced during discovery after litigation began. *Williamson I*, 343 Mich App at 506. This Court opined that the merit of the Estate's argument depended on the interpretation of the word "claim." *Id*. We determined that statements offered in support of a claim during the prelitigation claims process were distinct from statements made during discovery after an action has been filed. *Id*. at 509. We concluded that because the Estate did not submit the forms at issue in support of its claim for benefits, but rather, during discovery in the process of litigation, submission of the forms did not constitute a "fraudulent insurance act" under MCL 500.3173a(4). *Id*. at 512-513. We further stated, "[g]iven our holding, we need not address the Estate's alternative arguments that AAA failed to satisfy the intent and materiality prongs for a fraudulent insurance act under MCL 500.3173a(4), or that AAA failed to plead the affirmative defense of fraud with sufficient particularity." *Id*. at 513.

---

[1] The form dated October 31, 2019, did not indicate that Brown provided services for only a portion of the month.

As previously stated, our Supreme Court reversed this Court's decision. *Williamson v AAA of Michigan (Williamson II)*, 513 Mich 264; ___ NW2d ___ (2024). The Court held that the word "claim," as used in MCL 500.3173a, "refers generally to a claimant's demand for coverage under the MACP based on bodily injury sustained in a motor vehicle accident." *Id*. at 273. Applying that definition, the Court concluded that the Estate's interrogatory answers indicating that the Estate sought benefits covering a period of time after Williamson passed away constituted statements in support of a claim under MCL 500.3173a(4). *Id*. at 273-274. The Court thus reversed this Court's decision and remanded for this Court to consider the Estate's alternative arguments not addressed in *Williamson I*. *Id*. at 274-275.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016). "A motion under MCR 2.116(C)(10) tests the factual support of the plaintiff's complaint." *Boike v Green*, 347 Mich App 80, 87; 14 NW3d 190 (2023). The trial court must view the evidence that the parties submit in the light most favorable to the nonmoving party. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). Summary disposition is properly granted if there exists no genuine issue of material fact for trial. *Id*.

## III. LEGAL PRINCIPLES

"MCL 500.3173a(4) concerns fraudulent insurance acts against the MAIPF." *Williamson II*, 513 Mich at 271. That provision states:

> A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the [MAIPF], or to an insurer to which the claim is assigned under the assigned claims plan, for payment or another benefit knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under [MCL 500.4503] that is subject to the penalties imposed under [MCL 500.4511]. A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment of [PIP] benefits under the assigned claims plan. [MCL 500.3173a(4).]

In *Candler*, 321 Mich App at 779-780, this Court explained that a "fraudulent insurance act" under MCL 500.3173a occurs when:

> (1) the person presents or causes to be presented an oral or written statement, (2) the statement is part of or in support of a claim for no-fault benefits, and (3) the claim for benefits was submitted to the MAIPF. [Footnote omitted.] Further, (4) the person must have known that the statement contained false information, and (5) the statement concerned a fact or thing material to the claim.

In *Williamson I*, 343 Mich App at 506, we recognized that, "[a]fter *Candler*, the Legislature amended MCL 500.3173a to clarify that the statute applies to statements presented in support of a claim to the MAIPF or 'to an insurer to which the claim is assigned under the assigned claims plan.'"

## IV. ANALYSIS

Our Supreme Court remanded this case to this Court to address the Estate's unresolved issues, namely whether AAA failed to satisfy the intent and materiality prongs of the five-prong *Candler* test and whether AAA failed to plead with sufficient particularity the affirmative defense of fraud. *Williamson II*, 513 Mich at 274-275. As explained below, we conclude there is a genuine issue of material fact regarding whether Lateshea knew that the answers to AAA's interrogatories contained false information. Consequently, we reverse and remand for further proceedings.

### A. INTENT

The fourth prong of the *Candler* test states that, in order to commit a fraudulent insurance act under MCL 500.3173a, "the person must have known that the statement contained false information." *Candler*, 321 Mich App at 780. As previously discussed, Lateshea signed the answers to AAA's interrogatories on behalf of the Estate. In response to two questions, she acknowledged that Williamson died on October 24, 2019. Interrogatory #16 asked whether Williamson had been involved in any motor vehicle accidents after the accident giving rise to this case. Lateshea answered, "yes. October 24, 2019 auto accident resulting in death[.]" In addition, interrogatory #18 asked whether Williamson claimed that any of his injuries sustained in the accident giving rise to this case were of a permanent nature. Lateshea answered, "[y]es, until death of October 24, 2019[.]"

Thereafter, Lateshea answered interrogatories #31 and #57 as previously discussed, indicating that the Estate sought replacement-services benefits and attendant-care benefits for services that Brown provided. In her answers, Lateshea referenced the attached forms, which included dates after Williamson had passed away. The Estate asserts that the forms were predated and provided to its attorney to be submitted to AAA for payment at the appropriate time. It further asserts that the forms that included dates occurring after Williamson's death were not submitted to AAA for payment, but rather, were turned over to AAA's counsel during discovery after litigation began.

The record shows that, at a minimum, there exists a genuine issue of material fact regarding whether Lateshea knew that her answers to AAA's interrogatories contained false information. In *Williamson II*, our Supreme Court implicitly determined that the "statements" at issue were Lateshea's interrogatory answers. The Court discussed the definition of "claim," stated that the Estate's interrogatory answers indicated that it sought payment for services rendered after Williamson's death, and determined that the "disputed statements" were made in support of the Estate's claim. *Williamson II*, 513 Mich at 273-274. Thus, the "statements" at issue in determining whether the Estate committed a fraudulent insurance act under MCL 500.3173a were the interrogatory answers, which twice stated that Williamson died on October 24, 2019.

In addition, although the answers referenced the replacement-services and attendant-care forms, Brown, rather than Lateshea, signed those forms. This case is therefore distinguishable from *Candler*, 321 Mich App at 776, 781-782, in which the plaintiff forged his brother's signature on replacement-services calendars submitted to the defendant insurer. Similarly, this case is distinguishable from *Bakeman v Citizens Ins Co of the Midwest*, 344 Mich App 66, 71-72, 76, 79; 998 NW2d 743 (2022), in which the plaintiff signed the attendant-care forms that were submitted

to the assigned insurer. In this case, Brown signed the forms indicating the days on which he provided services for Williamson. Considering that Lateshea twice stated in her interrogatory answers that Williamson died on October 24, 2019, and that she did not sign the replacement-services and attendant-care forms, there exists a genuine issue of material fact regarding whether she knew that her answers contained false information. Accordingly, we reverse the trial court's order granting summary disposition in AAA's favor and remand for further proceedings.

## B. MATERIALITY

The fifth prong of the *Candler* test requires that the statement constituting the fraudulent insurance act "concerned a fact or thing material to the claim." *Candler*, 321 Mich App at 780. The Estate argues that the statements were not material to the claim because neither Williamson nor the Estate submitted the forms directly to AAA, nothing indicates that AAA relied on the forms, and AAA did not pay benefits covering dates after Williamson's death. The Estate's argument is unavailing. In *Williamson II*, 513 Mich at 273-274, our Supreme Court stated that the Estate provided its interrogatory answers—the statements at issue—to support its demand for payment of benefits that it believed were due as a result of the motor vehicle accident. The Court determined that the Estate therefore made the statements in support of its claim for benefits as stated in MCL 500.3173a(4). *Id*. at 274. The statements concerned the dates on which Brown rendered attendant-care and replacement services to Williamson, an issue directly relevant to the amount that the Estate claimed was due. Accordingly, the statements "concerned a fact or thing material" to the Estate's claim.

## C. FAILURE TO PLEAD FRAUD WITH SUFFICIENT PARTICULARITY

Finally, the Estate argues that AAA failed to plead the affirmative defense of fraud with sufficient particularity. Because the Estate raised its argument for the first time in its reply brief filed in this Court, it is not preserved for our review. This Court has no obligation to consider an issue that a party fails to preserve for appellate review by raising it in the trial court. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289-290, 294; ___ NW3d ___ (2023). Therefore, in accordance with the "raise-or-waive rule," we decline to address the Estate's argument. *Id*. at 289, 294.

## V. CONCLUSION

In accordance with our Supreme Court's directive in *Williamson II*, we have addressed the Estate's alternative arguments not addressed in *Williamson I*. Because there exists a genuine issue of material fact regarding whether Lateshea knew that the answers to AAA's interrogatories contained false information, we reverse and remand for further proceedings.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Kristina Robinson Garrett
/s/ Allie Greenleaf Maldonado

-5-