*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JASMINE MURRAY,

Plaintiff-Appellant,

v

NOM ESTATES PROPERTIES AA2, LLC,

Defendant-Appellee.

UNPUBLISHED
December 10, 2025
2:15 PM

No. 372944
Genesee Circuit Court
LC No. 2023-119656-NO

Before: YATES, P.J., and BOONSTRA and YOUNG, JJ.

PER CURIAM.

Plaintiff, Jasmine Murray, alleged that she fell down the exterior stairs at a house she rented because there was no handrail on one side of the stairs. The trial court granted summary disposition to defendant, NOM Estates Properties AA2, LLC (NOM), under MCR 2.116(C)(10).[1] Murray now appeals of right, arguing that genuine issues of material fact precluded an award of summary disposition. We vacate the trial court's order and remand for further proceedings.

## I. FACTUAL BACKGROUND

Murray rented a single-family house in Flint from NOM, and the stairs of the front porch originally had a handrail on each side of them. However, sometime before February 2021, one of the railings rusted and then fell off, and Murray advised NOM. On January 5, 2022, Murray texted someone at NOM that it had been more than a year and a half since that railing had fallen off, and she asked when NOM would fix it. NOM's response was that they were "working on it, thanks." Murray asserted that the remaining railing had also rusted, and it was loose, unstable, and leaning.

Early in the morning on January 12, 2022, Murray left the residence to go to work, and she fell while stepping onto the porch. At her deposition, Murray asserted that she does not know what

---

[1] Despite the allegation in the complaint "[t]hat all the acts, transactions and occurrences arose in the City of Flint," Murray filed the action in the Wayne Circuit Court. The case subsequently was transferred to the Genesee Circuit Court, where it was resolved on summary disposition.

caused her to slip, but she fell to her right, and as she fell she tried to grab the missing handrailing on that side of the porch. Murray testified that she lost consciousness because of the fall and awoke in the yard. She suffered fractures to her left tibia and left medial malleolus. After the incident, NOM removed the remaining handrail.

In the wake of her fall, Murray filed this case against NOM, presenting a premises-liability claim. Specifically, Murray identified the defective condition on the property as the absence of a handrail and the failure to maintain the handrails. NOM requested summary disposition pursuant to MCR 2.116(C)(10), asserting that the size of the porch did not require any handrails under the Michigan Residential Code, that the porch was not in disrepair, that NOM owed no duty to Murray because the porch was not a common area as defined by MCL 554.139, and that Murray had failed to show that the lack of a handrail caused her fall. Murray responded that the Michigan Residential Code requires that all existing handrails must be kept in good repair, and that she would have used the handrail to her right to arrest her fall if the handrail had not rusted and fallen off, so a genuine issue of material fact remained to be resolved. The trial court ruled from the bench that "plaintiff's conclusory testimony that had there been a handrail she would not have fell [sic] is insufficient to create a question of fact." The trial court further found "no indication that the railing would have prevented her fall." Additionally, the trial court "rejected plaintiff's contention that 'but for' the missing handrail she would not have fallen since she is unable to testify 'why' she fell." All those quotes made by the trial court were drawn from this Court's opinion in *Ambs v Family Counseling & Shelter Servs of Monroe Co Inc*, unpublished per curiam opinion of the Court of Appeals, issued June 17, 2010 (Docket No. 289652). After the trial court memorialized its decision in an order, Murray appealed of right.

## II. LEGAL ANALYSIS

On appeal, Murray argues that the trial court erred by granting NOM summary disposition in two respects: (1) by ruling that NOM owed no legal duty to Murray because the condition was open and obvious; and (2) by deciding, as a matter of law, Murray had failed to satisfy the causation requirement. We review de novo the trial court's decision on a motion for summary disposition. *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016). Summary disposition should be awarded under MCR 2.116(C)(10) when "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A summary disposition motion under MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, affidavits, depositions, and other evidence in the light most favorable to the nonmoving party. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A genuine issue of material fact exists when "the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160. Whenever "the evidence before [the trial court] is conflicting, summary disposition is improper." *Patrick v Turkelson*, 322 Mich App 595, 605-606; 913 NW2d 369 (2018) (emphasis omitted).

"All negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed v F&E Oil, Inc*, 512 Mich 95, 110; 1 NW3d 44 (2023). "The first element, duty, is essentially a question whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person." *Id*. (quotation marks and citation omitted). "The

-2-

question whether the defendant owes an actionable legal duty to the plaintiff is one of law which the court decides." *Id*. at 112. "Duty is a threshold question of law for the court to decide before a case can get to a jury." *Id*. at 133. "In the context of premises liability, a landowner's duty to a visitor depends on that visitor's status." *Id*. at 111 (quotation marks and citation omitted).

One such status is that of an "invitee," which is defined as "a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make it safe for the invitee's reception." *Id*. (quotation marks, citation, and alteration omitted). "A premises owner owes the greatest duty of care to an invitee," *Nathan, Trustee of Estate of Charles v David Leader Mgt, Inc*, 342 Mich App 507, 514 n 3; 995 NW2d 567 (2022), and a "person invited on the land for the owner's commercial purposes or pecuniary gain is an invitee, and a tenant is an invitee of the landlord." *Gabrielson v Woods Condo Ass'n, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 364809, 364813); slip op at 9. Every land owner owes a duty "to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Kandil-Elsayed*, 512 Mich at 112, 143.

After a plaintiff "establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty." *Id*. at 148. The issue of "breach—whether defendants' conduct in the particular case is below the general standard of care—is a question of fact for the jury." *Id*. at 112 (quotation marks and citation omitted). Whether a "tortfeasor's action violated that general standard of care is, in essence, a determination of the specific duty under the facts of the given case." *Blackwell v Franchi*, 327 Mich App 354, 358; 933 NW2d 762 (2019). This Court has further explained that, "when determining whether a defendant violated the general standard of care, the jury must determine what a defendant need do (or not do) to meet that general standard under the specific facts before it[.]" *Id*. "Ordinarily, it is for the jury to determine whether a defendant's conduct fell below the general standard of care," or "[s]tated another way, the jury usually decides the specific standard of care that should have been exercised by a defendant in a given case." *Id*. (quotation marks and citation omitted). If no genuine issue of material fact exists as to whether a duty was breached, the trial court may award summary disposition under MCR 2.116(C)(10). *Kandil-Elsayed*, 512 Mich at 148 n 28.

A claim that the invitor "breached the duty to exercise reasonable care to protect invitees from unreasonable risks of harm has traditionally been premised on three theories: failure to warn, negligent maintenance, or defective physical structure." *Bertrand v Alan Ford, Inc*, 449 Mich 606, 610; 537 NW2d 185 (1995). "As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee." *Kandil-Elsayed*, 512 Mich at 148. *Kandil-Elsayed* overruled prior decisions in which the open and obvious danger doctrine was analyzed as part of the land possessor's duty. *Id*. at 133. Instead, the *Kandil-Elsayed* Court concluded that "the open and obvious nature of a danger—i.e., whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection—is relevant to the defendant's breach and the plaintiff's comparative fault." *Id*. at 144. Now, "[t]he fact that a dangerous condition is open and obvious bears on the assessment of whether reasonable care was employed, but it does not pretermit the land possessor's liability." *Id*. at 146.

*Kandil-Elsayed* reaffirmed the doctrine that whether a danger is open and obvious depends on "whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. at 150 (quotation marks and citation omitted). That test "is designed to be an objective standard that looks only to the objective nature of the condition of the premises at issue." *Id*. at 134. But "landowners are not insurers[,]" and "the possessors of land and those who come onto it must exercise common sense and prudent judgment when confronting hazards on the land." *Id*. at 147. Considering an open and obvious danger as part of the analysis of breach "will allow the jury to do just what [our Supreme Court]—and the Legislature—intend: conduct a comparative analysis of each party's fault." *Id*. "If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly." *Id*. at 149. "A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it." *Id*.

Regarding analysis of causation in a premises-liability case, and whether "the defendant's breach of a duty caused the plaintiff's injuries," "two causation concepts work in tandem." *Nathan, Trustee of Estate of Charles*, 342 Mich App at 522 (quotation marks and citation omitted). "First, a plaintiff must demonstrate that 'but for' the defendant's negligence, the plaintiff's injury would not have occurred." *Estate of Taylor by Taylor v Univ Physician Group*, 329 Mich App 268, 278; 941 NW2d 672 (2019). If "a plaintiff produces the factual support establishing a logical sequence of cause and effect," the plaintiff must also present "evidence supporting that the actual cause was proximate, meaning that it created a foreseeable risk of the injury the plaintiff suffered." *Id*. "A plaintiff may rely on circumstantial evidence to establish causation, but the circumstantial proof must facilitate reasonable inferences of causation, not mere speculation." *Nathan, Trustee of Estate of Charles*, 342 Mich App at 523 (quotation marks and citation omitted). "[C]ausation theories that are mere possibilities or, at most, equally as probable as other theories do not justify denying [a] defendant's motion for summary judgment." *Skinner v Square D Co*, 445 Mich 153, 172-173; 516 NW2d 475 (1994). But summary disposition for want of proof of causation "should never be so extended as to result in a failure of justice, or in denying an injured person a right of action where there is room for balancing the probabilities, and for drawing reasonable inferences better supported upon one side than upon the other." *Id*. at 174 n 20 (quotation marks and citation omitted).

As Murray's landlord, NOM owed her a duty as an invitee, but the record reveals that there remains a genuine issue of material fact as to whether NOM breached that duty. Murray contends that NOM breached that duty by failing to keep the handrails in good repair, whereas NOM claims it owed no duty to have handrails on the porch in the first place, so the fallen handrail did not have to be kept in reasonable repair. A jury must decide whether a defendant's conduct fell below the general standard of care, *Blackwell*, 327 Mich App at 358, so the trial court erred by deciding that summary disposition was warranted based upon the analysis of duty. The trial court further erred by relying on the legal analysis in *Ambs* regarding open-and-obvious conditions after our Supreme Court overturned that analysis in *Kandil-Elsayed*.

Regarding causation, Murray testified during her deposition that she does not know why she slipped, but as she was falling she tried to grab the missing handrailing on the side of the porch to arrest her fall. We note that while that assertion of causation is circumstantial, what constitutes a question for the trier of fact in open-and-obvious premises-liability disputes has shifted since our

Supreme Court issued its decision in *Kandil-Elsayed*. Our Supreme Court explained that whether a duty has been breached is a question for the jury, *Kandil-Elsayed*, 512 Mich at 112, and "whether it is reasonable to expect that an average person with ordinary intelligence would have discovered" an open-and-obvious condition "upon casual inspection" is likewise left to the jury, *id*. at 144, as is "the plaintiff's comparative fault" in "the plaintiff's choice to confront" that hazard. *Id*. at 149. Seemingly, once it is established that a property owner owes a duty and a plaintiff has been injured, everything from breach, to causation, to comparative negligence is reserved for the jury so long as the plaintiff has provided some evidence supporting those elements. Here, there remains a genuine issue of material fact because Murray claims she would not have fallen, or at least not have fallen to the degree she did, if the handrail had been in place, so summary disposition pursuant to MCR 2.116(C)(10) was not warranted.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Mark T. Boonstra
/s/ Adrienne N. Young