# STATE OF MICHIGAN

# COURT OF APPEALS

---

PAMELA JOHNSON,

        Plaintiff-Appellant,

v

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

        Defendant-Appellee.

UNPUBLISHED
October 30, 2018

No. 338781
Wayne Circuit Court
LC No. 16-005249-NF

---

Before: MURRAY, C.J., and BORRELLO and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this no-fault action,[1] plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant. We affirm.

Plaintiff argues that there is a genuine issue of material fact regarding whether she unlawfully took the vehicle of her daughter, Takilia Joseph. A motion for summary disposition under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016). Decisions on such a motion are reviewed de novo. *Id*.

> In evaluating a motion for summary disposition brought under Subrule (C)(10), a reviewing court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. Summary disposition is properly granted if the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. [*Id*. (citation omitted).]

"A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 423; 864 NW2d 609 (2014) (quotation marks and

---

[1] MCL 500.3101 *et seq*.

citation omitted). Issues of statutory interpretation are reviewed by this Court de novo. *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 252; 901 NW2d 534 (2017).

MCL 500.3113 provides, in relevant part:

A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

(a) The person was willingly operating or willingly using a motor vehicle or motorcycle that was taken unlawfully, and the person knew or should have known that the motor vehicle or motorcycle was taken unlawfully

In determining the meaning of "taken unlawfully," our Supreme Court, in *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 516-517; 821 NW2d 117 (2012), stated:

In determining the Legislature's intended meaning of the phrase "taken unlawfully," we must accord the phrase its plain and ordinary meaning, and we may consult dictionary definitions because the no-fault act does not define the phrase. The word "unlawful" commonly means "not lawful; contrary to law; illegal," and the word "take" is commonly understood as "to get into one's hands or possession by voluntary action." When the words are considered together, the plain meaning of the phrase "taken unlawfully" readily embraces a situation in which an individual gains possession of a vehicle contrary to Michigan law. [Citations omitted.]

The *Spectrum Health* Court also held that "any person who takes a vehicle contrary to a provision of the Michigan Penal Code [, MCL 750.1 *et seq*.]—including MCL 750.413 and MCL 750.414, informally known as the 'joyriding' statutes—has taken the vehicle unlawfully for purposes of MCL 500.3113(a)." *Id*. at 509.

MCL 750.413 provides:

Any person who shall, willfully and without authority, take possession of and drive or take away, and any person who shall assist in or be a party to such taking possession, driving or taking away of any motor vehicle, belonging to another, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years.

MCL 750.414 provides:

Any person who takes or uses without authority any motor vehicle without intent to steal the same, or who is a party to such unauthorized taking or using, is guilty of a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $1,500.00. However, in case of a first offense, the court may reduce the punishment to imprisonment for not more than 3 months or a fine of not more than $500.00. However, this section does not apply to any person or

persons employed by the owner of said motor vehicle or anyone else, who, by the nature of his or her employment, has the charge of or the authority to drive said motor vehicle if said motor vehicle is driven or used without the owner's knowledge or consent.

The *Spectrum Health* Court analyzed MCL 750.413 and MCL 750.414, concluding that both "make it unlawful to take any motor vehicle without authority, effectively defining an unlawful taking of a vehicle as that which is unauthorized." *Spectrum Health*, 492 Mich at 517-518. "Because a taking does not have to be larcenous to be unlawful, the phrase 'taken unlawfully' in MCL 500.3113(a) applies to *anyone* who takes a vehicle without the authority of the owner, regardless of whether that person intended to steal it." *Id*. at 518.

There is no genuine issue of material fact regarding whether plaintiff unlawfully took Joseph's vehicle, a 2005 Pontiac Grand Prix. Extensive testimony was presented that plaintiff did not have Joseph's permission to use the Grand Prix on January 10, 2016. Therefore, plaintiff's taking of Joseph's vehicle was unauthorized and, thus, constitutes a violation of MCL 750.413 and MCL 750.414. *Id*. at 517-518.

Plaintiff next argues that there is a genuine issue of material fact regarding whether she knew or should have known that she unlawfully took Joseph's car.

"MCL 500.3113(a) does not contain language regarding *an owner's* 'express or implied consent or knowledge' because it examines the legality of the taking from the *driver's* perspective . . . ." *Id*. at 522. Further, "the unlawful use of a vehicle . . . is not relevant under the unlawful taking language in MCL 500.3113 . . . ." *Rambin v Allstate Ins Co*, 495 Mich 316, 331; 852 NW2d 34 (2014).

Considering the evidence in the light most favorable to plaintiff, there is no genuine issue of material fact regarding whether plaintiff knew or should have known that she unlawfully took Joseph's car. *Spectrum Health*, 492 Mich at 522. It is undisputed that (1) Joseph had previously denied plaintiff permission to use the Grand Prix because plaintiff did not have a driver's license, and (2) plaintiff admitted she was not given permission from Joseph to use the car that day. The only testimony plaintiff can point to in an effort to create a genuine issue of material fact on this issue is that Joseph did not say she could not take the car that day.[2] However, plaintiff admitted

---

[2] Although not argued by either of the parties, it is undisputed that at the time of the accident, plaintiff did not have a valid driver's license, contrary to MCL 257.904(1). Pursuant to MCL 257.904(3), because plaintiff did not have a valid driver's license when she drove Joseph's car, plaintiff was engaged in an unlawful act. However, because neither party briefed the issue and because the language at issue here, in MCL 500.3113(a), specifically relates to "using a motor vehicle . . . that was *taken unlawfully,* and the person knew or should have known that the motor vehicle . . . was *taken unlawfully,*" we leave open the question as to whether a claimant who, because they do not possess a valid driver's license, knows they cannot lawfully operate a motor vehicle, and therefore has "taken unlawfully the motor vehicle" pursuant to MCL 500.3113. See MCL 500.3113(a) (emphasis added).

she did not ask Joseph for permission—so how could Joseph grant or deny her permission—and also admitted that the standing rule was plaintiff could not use the car because she did not have a license. And, although plaintiff used the car approximately once a month for short trips, that was *with plaintiff's permission*. In light of these undisputed facts, there is no genuine issue of material fact that plaintiff knew or should have known that she unlawfully took Joseph's car.

Our dissenting colleague concludes that there is a genuine issue of material fact regarding whether plaintiff had the requisite *mens rea* to commit the offense of joyriding, i.e., whether she violated MCL 500.3113(a), because looking at *plaintiff's*[3] testimony in a light most favorable to her, there is a question as to whether she believed that the taking of the vehicle on the day of the accident was wrongful. We respectfully disagree, because plaintiff's and Joseph's consistent and binding deposition testimony establishes that plaintiff knew or should have known that taking the vehicle on the day of the accident was unlawful, and no reasonable juror could conclude otherwise.

Looking first to plaintiff's deposition testimony, she unequivocally testified on at least two occasions that Joseph—the owner of the car—told plaintiff that she was not permitted to use the vehicle:

> *Q.* And according to your application for benefits, you have been previously denied permission to use the vehicle; is that correct?
>
> *A.* Well, yes.
>
> Q. And that's because you didn't have your license?
>
> *A.* Yeah.
>
> *Q.* And any other reason why your daughter denied you permission to use your vehicle or to use her vehicle?
>
> *A.* Well, she just don't let me use it.

Soon after that testimony, plaintiff was asked the same question again, and again provided the same answer:

---

[3] Our dissenting colleague indicates that she is only considering plaintiff's testimony, and not Joseph's testimony (the owner of the car) or any other evidence because any conflicts in the testimony must be resolved in plaintiff's favor. It is certainly true that any direct conflict between plaintiff's testimony and another witness's testimony on material issues would create a genuine issue of material fact, but it is likewise true that in reviewing the grant of a motion for summary disposition under MCR 2.116(C)(10), we must consider all of the affidavits, pleadings, depositions, and other evidence submitted by the parties in support of or in opposition to the motion. MCR 2.116(G)(5). And here, Joseph's testimony is not inconsistent with plaintiff, and in fact reinforces plaintiff's own testimony.

-4-

*Q*. And she – and it was made clear to you that she didn't want you to use the vehicle?

*A*. Yes.

And at another point in her deposition, plaintiff again testified that Joseph had previously told her that she could not use the vehicle:

*Q*. Okay. And your mom (sic – daughter) had told you in the past that you cannot use – or use her vehicle; is that correct?

*A*. Well, yeah.

Thus, plaintiff's own testimony confirms that Joseph did not allow her to use the vehicle because she did not have a license and because, "well, she just [doesn't] let [her] use it."

Relative to the day of the accident, plaintiff also testified that she did not have permission to use the vehicle. As with the testimony set forth above, plaintiff repeatedly admitted that she was not permitted to use the car on the day of the accident:

*Q*. Okay. And your daughter had testified that on the day of the incident that you didn't have permission to use the vehicle; is that correct?

*A*. Well, no.

*Q*. Okay.

*A*. And I didn't have permission.

*Q*. And you did not have permission to use it?

*A*. No, but I had mentioned that my grandson wanted to leave and she didn't say yes or no.

At another point in her deposition, plaintiff was again asked this question and again unequivocally testified that she did not have permission to use the vehicle on the day of the accident:

*Q*. Okay. And so you would agree that, according to your daughter, that you didn't have permission to use her - -

*A*. No, I did not.

*Q*. - - vehicle?

*A*. I didn't and I thought it would be okay.

*Q*. Oh, but you didn't have permission that day to use the car, right?

-5-

*A.* No.

Joseph testified consistent with plaintiff's testimony. She testified, as noted above, that plaintiff was not allowed to use the vehicle without asking for permission, and that no permission was granted on the day at issue. Indeed, Joseph testified—and plaintiff did not testify otherwise—that only very occasionally would permission ever be granted for plaintiff to utilize the vehicle, in large part because, as plaintiff admits, she did not have a driver's license. Thus, the undisputed evidence establishes (1) the existence of a standing order that plaintiff not utilize the vehicle, and (2) that no permission to be exempt from that standing order was given on the day of the accident.

We conclude that the foregoing testimony is clear, unequivocal, and undisputed. Plaintiff admitted that she was not allowed to use the vehicle in general, and was not allowed to use the vehicle on the day at issue. She simply assumed that her daughter would allow her to use the vehicle, but admittedly was never granted permission to do so. As we concluded above, there is no genuine issue of material fact on either of these issues and summary disposition was proper.

Finally, we point out that the dissent mischaracterizes our opinion when indicating that we are making a broad holding that in every case "the absence of a specific and express grant of permission in a particular instance necessarily establishes that the taking was knowingly illegal." We are doing no such thing. Rather, we are merely concluding that the undisputed testimony provided by plaintiff and Joseph established that there was an agreement that plaintiff not be allowed use of the car and, as a result of the agreement, plaintiff was unlawfully using the vehicle on the day of the accident. Additionally, unlike the dissent, we are not concerned with "how people generally treat their relationships within families or otherwise." We do not concern ourselves with matters outside the record, nor do we attempt to somehow discern what individuals generally do amongst family members with their vehicles. Instead, we merely focus on the binding testimony submitted by the parties in this case. And, we hope we have made clear, that testimony warrants the affirmance of the trial court's order.

Affirmed. Defendant may tax costs, having prevailed in full. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Stephen L. Borrello